IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS (SMART) - TRANSPORTATION DIVISION,<br><br>Defendant. | **8:19-CV-31**<br><br>**MEMORANDUM AND ORDER** |
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS - TRANSPORTATION DIVISION,<br><br>Petitioner,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Respondent. | **8:19-CV-50**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on International Association of Sheet, Metal, Air, Rail, and Transportation Workers – Transportation Division's ("SMART's") Motion for Attorney Fees and Costs, Filing 30 in case 8:19-CV-31 and Filing 37 in case 8:19-CV-50.[1] For the reasons stated herein, the motion is granted.

---

[1] The parties previously stipulated to and the Court granted consolidation of the cases at 8:19-CV-50 and 8:19-CV-31. Filing 10. 8:19-CV-31 was designated the lead case while 8:19-CV-50 was designated the member case. Unless otherwise noted, all citations to the record are to the lead case at 8:19-CV-31.

1

## BACKGROUND

On November 21, 2019, the Court entered judgment in favor of SMART. Filing 29. The Court denied SMART's motion seeking attorney fees at that time because SMART did not comply with the local rules regarding documentation in support of an attorney fees request. *See* NECivR 54.3; NECivR 54.4. The Court also noted that because SMART prevailed only on the issue of the enforceability of the arbitration award and not on the issue of backpay, it may be entitled to attorney fees only as to the former. Filing 28 at 9-10; *see Norfolk & W. Ry. Co. v. Bhd. of Ry., Airline & S. S. Clerks, Freight Handlers, Exp. & Station Emp.*, 657 F.2d 596, 604 & n.2 (4th Cir. 1981) (awarding attorney fees to prevailing union in RLA case only as to issue on which it prevailed and denying attorney fees as to punitive damages issue on which it did not prevail).

SMART submitted a post-judgment Motion for Attorney Fees and Costs pursuant to Fed. R. Civ. P. 54(d) on December 4, 2019, supported by the required documentation. Filing 30, Filing 31. In its motion, SMART seeks attorney fees related only to the enforceability of the award and not related to the issue of backpay. Filing 31 at 2. SMART seeks total costs of $600 and total attorney fees of $18,489, representing 61.63 hours of work at the hourly rate of $300. Filing 30 at 1; Filing 31-1 at 7.

Union Pacific Railroad Company ("Union Pacific") did not respond to SMART's Motion for Attorney Fees and Costs. Instead, Union Pacific timely filed a notice of appeal from the Court's November 21st order on the merits. Filing 32.

## ANALYSIS

The Railway Labor Act states, "If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee." 45 U.S.C. § 153(p). As set forth above, SMART prevailed on the issue

of the enforceability of the arbitration award and is accordingly entitled to its attorney fees on that issue. Furthermore, Union Pacific's timely appeal of the judgment on the merits does not prevent this Court from ruling on the pending motion for attorney fees and costs. *See FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) (quoting *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999)) ("[A] district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending.").

As outlined in its order, the Court disagreed with the arbitration board's reinstatement of Lebsack as an employee of Union Pacific. Filing 28 at 10-11. However, this Court upheld the arbitration board's decision because in the view of the Court, the law required such a result. It is the duty of a judge to follow the law, whether the judge likes the result of doing so or not.

If the federal statute allowing for an attorney fees award to the Plaintiff provided the Court discretion whether or not to award fees to petitioner, the Court would decline to award fees. However, the statute states that if the petitioner prevails, "he *shall* be allowed a reasonable attorney's fee." 45 U.S.C. § 153(p) (emphasis added).

Union Pacific has provided no response challenging the amount of the requested fees or costs. The Court finds that the fee award sought, for the legal work done, is reasonable. Having reviewed SMART's motion and accompanying brief and documentation, the Court concludes its motion for costs and attorney fees should be granted. Accordingly,

IT IS ORDERED:

1. International Association of Sheet, Metal, Air, Rail, and Transportation Workers – Transportation Division's (SMART's) Motion for Attorney Fees and Costs, Filing 30 in case 8:19-CV-31 and Filing 37 in case 8:19-CV-50, is granted;

2. SMART is awarded total costs of $600 and total attorney fees of $18,489 in the consolidated cases at 8:19-CV-31 and 8:19-CV-50;

3. The Court will enter a separate judgment.

Dated this 3rd day of January, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge