IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL, AND TRANSPORTATION WORKERS (SMART) - TRANSPORTATION DIVISION,<br><br>Defendant. | **8:19-CV-31**<br><br>**ORDER** |
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS - TRANSPORTATION DIVISION,<br><br>Petitioner,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Respondent. | **8:19-CV-50**<br><br>**ORDER** |

This matter is before the Court on International Association of Sheet, Metal, Air, Rail, and Transportation Workers – Transportation Division's ("SMART's") and Union Pacific's Joint Stipulation on Attorney Fees and Costs, Filing 43 in case 8:19-CV-31 and Filing 50 in case 8:19-CV-50.[1] For the reasons stated herein, the stipulation is granted.

On November 21, 2019, the Court entered Judgment in favor of SMART. Filing 29. SMART moved for attorney fees and costs, Filing 30, which motion the Court granted. Filing 36. Union Pacific appealed the Court's Judgment to the Eighth Circuit Court of Appeals. Filing 32.

---

[1] The parties previously stipulated to and the Court granted consolidation of the cases at 8:19-CV-50 and 8:19-CV-31. Filing 10. 8:19-CV-31 was designated the lead case while 8:19-CV-50 was designated the member case. Unless otherwise noted, all citations to the record are to the lead case at 8:19-CV-31.

1

On February 17, 2021, the Eighth Circuit Court of Appeals issued an Opinion and Judgment in SMART's favor, affirming this Court's decision. Filing 38; Filing 39. On February 26, 2021, SMART filed a Second Motion for Attorney Fees for the additional fees and costs incurred during the appeal. Filing 40. Following issuance of the Eighth Circuit's Mandate, Filing 42, SMART and Union Pacific filed the present Joint Stipulation on Attorney Fees informing the Court they have agreed SMART is entitled to receive $16,361 on its Second Motion for Attorney Fees, Filing 40. Filing 43 at 2. Thus, including fees and costs previously awarded, Union Pacific has agreed to pay to SMART a total of $34,850 in attorney fees plus $600 in costs within sixty days. Filing 43 at 2.

The Railway Labor Act states, "If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee." 45 U.S.C. § 153(p). While it is unclear why SMART did not move for attorney fees before the Eighth Circuit for its fees incurred on appeal, the Court concludes it nevertheless has jurisdiction to make such an award. *See Little Rock Sch. Dist. v. State of Ark.*, 127 F.3d 693, 696 (8th Cir. 1997) (holding that despite common practice for a motion for appellate attorney fees to be made before the appellate court and despite Eighth Circuit local procedural rule providing for recovery of attorney fees, "the district courts retain jurisdiction to decide attorneys' fees issues that [the Eighth Circuit] ha[s] not . . . undertaken to decide"); *accord Dean v. Cnty. of Gage*, 332 F. Supp. 3d 1247, 1251 (D. Neb. 2018) ("While it would have been prudent for Plaintiffs to follow the usual practice of filing a motion for any appeal-related attorney fees in the Court of Appeals, . . . their failure to do so does not deprive this court of jurisdiction.").

As set forth above, SMART prevailed on the issue of the enforceability of the arbitration award before the district court and on appeal. It is accordingly entitled to its attorney fees.[2] In light

---

[2] The Court notes that in accordance with its prior Memorandum and Order, Filing 36, SMART has limited its request for attorney fees to only the issue upon which it prevailed both before this Court and on appeal before the Eighth Circuit. *See* Filing 41 at 2 & n.2 (noting SMART's request is prorated to exclude fees and costs relating to the issue of backpay, which both the district court and Eighth Circuit rejected).

2

of the parties' stipulation and the evidence before the Court, the Court concludes SMART's request is reasonable and it is entitled to the stipulated attorney fees and costs. Accordingly,

IT IS ORDERED:

1. International Association of Sheet, Metal, Air, Rail, and Transportation Workers – Transportation Division's and Union Pacific's Joint Stipulation on Attorney Fees and Costs, [Filing 43](#) in case 8:19-CV-31 and [Filing 50](#) in case 8:19-CV-50 is granted;

2. Within sixty days of this Order, Union Pacific will pay to SMART a total of $34,850 in attorney fees and $600 in costs; and

3. In light of the parties' stipulation, the Clerk of the Court is ordered to terminate the motions at [Filing 40](#) in case 8:19-CV-31 and [Filing 47](#) in case 8:19-CV-50.

Dated this 15th day of March, 2021.

                                            BY THE COURT:

                                            _____
                                            Brian C. Buescher
                                            United States District Judge